IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON LIPSCOMB, R25793, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-01761-SMY |
| | ) |
| WARDEN ANTHONY WILLS | ) |
| and C/O QUINNTON BENT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Keon Lipscomb, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this action under 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from retaliation, harassment, and denial of his prescription medications at Menard Correctional Center. (Doc. 1). He seeks money damages and injunctive relief. *Id*. The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff requires prescription medication for high blood pressure, nerve damage, back pain, and mental health issues. *Id*. at 1. Around 2:30 a.m. on July 10, 2024, Officer Bent escorted Nurse Liz to Plaintiff's cell to pass out medications. In the process, Officer Bent refused Plaintiff's medication, saying, "F*ck this baby rapist. He ain't getting sh*t." *Id*. at 2. The officer then walked away. As Officer Bent and Nurse Liz departed, Plaintiff called out, "I need my pain meds I am in pain my blood

pressure is high due to headaches I am having nerve pains I feel confused and I need my meds." *Id*. The officer responded, "F*ck you. Stop filing suits and you'll get your meds I don't care about your pains." *Id*. With that, the officer and nurse left. Without his pain medication, Plaintiff experienced pain that he rates as a "10" on a scale from "1" to "10," where "10" represents the worst pain. *Id*. Without his psychotropic medication, he suffered confusion and aggression. *Id*.

The warden is generally aware that Plaintiff is the target of ongoing harassment for the many lawsuits he has filed against officials at Menard and due to his high-profile murder case. The warden has nevertheless failed to intervene and protect Plaintiff from the ongoing harassment, threats, filthy living conditions, denial of showers, and periodic denial of food. *Id*.

## Preliminary Dismissals

Plaintiff alleges misconduct by nonparties, including "Nurse Liz." When a plaintiff does not identify individuals as defendants in the case caption or list of defendants, the Court will not treat them as such. FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Therefore, Nurse Liz is considered dismissed without prejudice.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:** First Amendment claim against Officer Bent for refusing Plaintiff medication at 2:30 a.m. on July 10, 2024, in retaliation for filing lawsuits in federal court against officials at Menard.

**Count 2:** Eighth Amendment claim against Officer Bent for denying Plaintiff his prescription medications for back pain, nerve pain, high blood pressure, and mental illness at 2:30 a.m. on July 10, 2024, resulting in extreme pain, confusion, and/or aggression.

**Count 3:** Eighth Amendment claim against Officer Bent for verbally harassing Plaintiff by calling him a "baby rapist" while passing out medications at 2:30 a.m. on July 10, 2024.

**Count 4:** Eighth Amendment claim against Warden Wills for failing to intervene and protect Plaintiff from ongoing harassment and retaliation by staff at Menard on or around July 10, 2024.

**Count 5:** Illinois state law claims against Defendants for the intentional infliction of emotional distress on July 10, 2024.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

To state a First Amendment retaliation claim, Plaintiff must allege that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation that will likely deter the protected speech; and (3) the protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Here, Plaintiff alleges that Officer Bent denied him his prescription medication on July 10, 2024, because he filed so many lawsuits against officials at Menard. *See Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010) (First Amendment guarantees inmate the right to file lawsuits). These allegations are sufficient to articulate a retaliation claim against Officer Bent.

**Count 2**

To state a viable Eighth Amendment claim based on the denial of medical care, Plaintiff must plead facts suggesting that he suffered from an objectively, sufficiently serious medical condition, which is generally one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). He must also plead facts

suggesting that each defendant responded with deliberate indifference, which occurs when the official "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. Plaintiff's allegations describe a denial by Officer Bent of Plaintiff's prescription medication in a manner that unnecessarily prolonged his headaches, pain, confusion, and high blood pressure. These allegations are sufficient to state a plausible claim against Officer Bent in Count 2.

### Count 3

Standing alone, verbal harassment, even of a sexual nature, generally does not amount to cruel and unusual punishment in violation of the Eighth Amendment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). However, a prison official who treats an inmate in a manner that is motivated by a desire to harass or humiliate or in a manner intended to humiliate *and* cause psychological pain violates the Eighth Amendment. *Chatman v. Ill. Dep't of Corr.*, 685 F. App'x 487, 489 (7th Cir. 2017). Officer Bent's alleged name-calling of Plaintiff was lacking in penological justification and aimed only at harassing Plaintiff or placing him in danger. Therefore, Count 3 will receive further review against Officer Bent.

### Count 4

The Eighth Amendment claim against Warden Wills for failing to intervene and protect Plaintiff from ongoing harassment and retaliation fails. Plaintiff's allegations do not suggest that the warden was aware that Officer Bent and Nurse Liz would engage in any misconduct against him. Warden Wills' supervisory role over the officer and/or nurse provides no grounds for a claim against him because the doctrine of *respondeat superior* is not recognized in this context. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Rather, liability under § 1983 hinges on personal involvement in or responsibility for a constitutional deprivation. *Id*. As such, Count 4 will be dismissed against the warden for failure to state a claim.

## Count 5

Because Plaintiff's Illinois state law claim for intentional infliction of emotional distress arises from the same facts that support his federal constitutional claims against the defendants, the Court will exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(a). However, with respect to this claim, Plaintiff's Complaint does not satisfy the *Twombly* pleading standard. *See McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017) (articulating elements of claim). Plaintiff merely alludes to intentional infliction of emotional distress in the opening paragraph without setting forth allegations to address each element of this claim in the body of his Complaint. Conclusory recitals of the elements of a cause of action are insufficient to articulate a claim. Therefore, Court 5 will be dismissed.

## Request for Injunctive Relief

Plaintiff's request for injunctive relief pertains to living conditions at Menard, but he is no longer housed there. A month after filing this action, Plaintiff informed the Court that he transferred to Pontiac Correctional Center. (Doc. 11). He mentions no plans to return. *Id*. Under the circumstances, Plaintiff's request for injunctive relief will be denied without prejudice as being moot. *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017) ("If a prisoner seeking injunctive relief for conditions of confinement at a particular prison is transferred without a realistic possibility of return, then his request for relief becomes moot.").

## Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **3** will proceed against **C/O QUINNTON BENT**, in his individual capacity. **COUNTS 4** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **WARDEN WILLS** is also **DISMISSED** without prejudice because the Complaint states no

claim against him. Plaintiff's request for injunctive relief in the Complaint is **DISMISSED** without prejudice as being **MOOT**.

The Clerk shall prepare for **C/O QUINNTON BENT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file a responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Because the claims in this case arise from the denial of medication and/or medical care, the Clerk's Office is DIRECTED to ENTER the Court's standard HIPAA-Qualified Protective Order.**

**IT IS SO ORDERED.**

DATED:   March 24, 2025              *s/ Staci M. Yandle*
                                     **STACI M. YANDLE**
                                     **United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's attorney has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.